LUCERO, J.,
concurring in the judgment:
I fully join the majority with respect to its disposition of Rollins’ claim for enforcement of OSHA’s preliminary reinstatement order. I cannot, however, subscribe to the reasoning employed by the court in rejecting Rollins’ retaliatory discharge claim based on Burk v. K-Mart Corp., 770 P.2d 24 (Okla.1989).
As I view the matter, Rollins’ cause of action should be evaluated under the standards applicable to an actual discharge, rather than a constructive discharge. I do not agree that Rollins’ refusal to accept any of the options offered in the Career Decision Day Advisory amounted to a resignation. Rollins may have declined to select from the available options, but it was American, not Rollins, that made the final decision to end the employment relationship. Treating this actual discharge as a constructive one essentially flips the doctrine of constructive discharge on its head, and incorrectly forces Rollins to meet the high standard applicable to an employee who does resign, but subsequently argues that he or she was effectively discharged. See Collier v. Insignia Fin. Group, 981 P.2d 321, 324 (Okla.1999) (“[A] constructive discharge occurs when an employer deliberately makes or allows the employee’s working conditions to become so intolerable that a reasonable person subject to them would resign.” (emphasis added)). This standard is plainly inapplicable to an employee who was, in fact, discharged. Moreover, American’s imposition of a performance advisory does nothing to change the fact that Rollins was discharged, and should not be the basis for allowing an employer such as American to prevent an employee from later stating a cognizable cause of action under Burk.
Nevertheless, I would affirm the judgment of the district court on the alternative ground that Rollins failed to carry his burden at summary judgment of establishing a genuine issue of material fact with respect to whether his role in reporting the removal of aircraft parts actually led to American’s decision to terminate him. I therefore concur in the court’s ultimate disposition of this claim and in its judgment.